UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:18-cv-00765 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| SACRAMENTO COUNTY SUPERIOR COURT, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a Sacramento County Jail inmate who is proceeding pro se and is seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.[1] Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the

---

[1] Plaintiff claims his efforts to submit a completed application to proceed in forma pauperis in this action have been thwarted by Sacramento County Jail staff. See e.g., ECF Nos. 4, 5, 6, 10, 11, 13, 14. Plaintiff currently has 39 cases pending in this court and 7 before the undersigned. The court accepts the application to proceed in forma pauperis filed in 2:18-cv-0725 AC (ECF No. 4) for purposes of this civil action.

1

initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.    Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

**II.   Allegations in the Complaint**

In the complaint plaintiff challenges his "bogus" arrest for failing to register as a sex offender. He names the Sacramento County Superior Court as well as the Sacramento Police Department as defendants in this action. By way of relief, plaintiff seeks $2,000,000 in damages.

As this court noted in a separate case, plaintiff was convicted by the Sacramento County Superior Court for failing to register as a sex offender on December 31, 2012. See 2: 18-cv-0726 CKD P.

**III.  Analysis**

The instant action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness

2

would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). Accordingly, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

Normally the court grants leave to amend when screening out complaints under 28 U.S.C. § 1915A(a). However, doing so here would be futile at the present time in light of the Heck bar. If plaintiff's underlying conviction for failing to register as a sex offender is invalidated at any point in the future, plaintiff may file a new complaint. See Trimble v. City of Santa Rosa, 49 F.3d 583 (9th Cir. 1995).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's motions for an injunction, ECF No. 13, and for an extension of time to file his in forma pauperis application, ECF No. 14, are denied as moot.

4. The Clerk of Court is directed to randomly assign this case to a district court judge.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without prejudice; and,

2. This case be closed.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hume0765.f&r.docx

4